IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | | |
|---|---|---|
| NATURE PATH, INC., an Idaho Corporation, dba VIANNA'S NATURE PATH and THETA HEALING INSTITUTE of KNOWLEDGE, | ) ) ) ) ) ) | Case No. CV-09-230-E-BLW **MEMORANDUM DECISION AND ORDER** |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TRISHA HOWELL, an Individual, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) | |

Pending before the Court is Defendant's Motion to Dismiss or Transfer

Venue (Docket No. 10).  The Motion is fully briefed and at issue.  For the reasons

expressed below, the Court will deny the Motion to Dismiss under Rules 12(b)(1),

(2), and (3); deem moot the Motion to Dismiss under Rule 7.1; deny the Motion to

Transfer Venue; stay the matter for 90 days and require Defendant to file an

affidavit concerning her medical status; and deny without prejudice the Motion to

Dismiss under Rule 12(b)(6).

## BACKGROUND

Plaintiff Nature Path, Inc. provides educational materials and training

**Memorandum Decision and Order - Page 1**

regarding energy healing techniques developed by Vianna Stibal, principal of

Nature Path. *Complaint* (Docket No. 1) at 3. According to the Complaint, Plaintiff

"is the owner of registrations in the State of Idaho of the marks THETA HEALING

and THETA HEALER," and has pending applications "for registration of the

marks with the United States Patent and Trademark Office." *Id.* Defendant Trisha

Howell attended seminars at Plaintiff's offices in August and September 2007, and

entered into a contract with Plaintiff authorizing Defendant to teach Plaintiff's

"Theta Healing techniques to others using the trade and service marks at issue."

*Id.* at 4.

Plaintiff sues Defendant for, among other allegations, trademark

infringement, unfair competition, and breach of contract. Defendant, who resides

in California, brings this motion challenging subject matter jurisdiction, personal

jurisdiction, venue, whether Plaintiff has stated a claim upon which relief can be

granted, and failure to comply with Rule 7.1. This decision will address each issue

in turn.

## ANALYSIS

### A.     Subject Matter Jurisdiction

"The district courts shall have original jurisdiction of any civil action arising

under any Act of Congress relating to . . . trademarks [or] . . . any civil action

**Memorandum Decision and Order - Page 2**

asserting a claim of unfair competition when joined with a substantial and related

claim under the . . . trademark laws."  28 U.S.C. § 1338(a), (b).  Also, the district

courts "shall have supplemental jurisdiction over all other claims that are so related

to claims in the action within such original jurisdiction that they form part of the

same case or controversy . . .."  28 U.S.C. § 1367.  In a motion to dismiss for lack

of subject matter jurisdiction, the Plaintiff bears the burden of proving jurisdiction

exists.  *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499

(9th Cir. 2001)(citation omitted).

　　　Plaintiff in this case asserts claims under the federal Lanham Act, 15 U.S.C.

§ 1125, for unfair competition, dilution, false description, and domain name

misuse.  The Lanham Act explicitly provides that the federal district courts shall

have original jurisdiction over actions arising under the Act.  15 U.S.C. § 1121(a).

Defendant concedes that an unregistered mark – as is at issue in this case – may be

protected against infringement under the Lanham Act.  *See Defendant's Reply*

(Docket No. 15) at 1.  Defendant's challenge to subject matter jurisdiction rests on

the substance of Plaintiff's Lanham Act claim.

　　　"Jurisdictional dismissals in cases premised on federal-question jurisdiction

are exceptional" and appropriate only where the alleged federal claim "clearly

appears to be immaterial and made solely for the purpose of obtaining federal

**Memorandum Decision and Order - Page 3**

jurisdiction or . . . is wholly insubstantial and frivolous." *Sun Valley Gasoline, Inc. v. Ernst Enterprises*, 711 F.2d 138, 140 (9th Cir. 1983), *quoting Bell v. Hood*, 327 U.S. 678, 682-83, 66 S.Ct. 773, 776 (1946).  Defendant asserts that Plaintiff's allegations in the instant case are frivolous, arguing that "the trade names of Plaintiff are manifestly different from [Defendant's] domain name." *Defendant's Motion to Dismiss* (Docket No. 9) at 5.  That Defendant disputes the merits of Plaintiff's claims does not render them wholly insubstantial or frivolous.

It is true that the courts may resolve factual disputes regarding jurisdiction, but only "where a jurisdictional issue is separable from the merits of a case." *Roberts v. Corrothers*, 812 F.2d 1173, 1177 (9th Cir. 1987)(citations omitted). Defendant's jurisdictional challenge here goes to the merits of the case.  The substantive issue is whether Plaintiff's use of "THETA HEALER" and "THETA HEALING" are likely to cause confusion, mistake or deception among consumers, in violation of the Lanham Act.  *See Complaint* (Docket No. 1) at 7.  Without addressing the merits of Plaintiff's federal claim, this Court finds that the claim is not obviously frivolous and does not appear to have been raised solely to obtain federal jurisdiction.

The Court finds that Plaintiff's state law claims are related to the Lanham Act claim, such that they form the same case or controversy.  Thus, supplemental

**Memorandum Decision and Order - Page 4**

jurisdiction is appropriate under 18 U.S.C. § 1367(a).  The Court will therefore

deny the motion to dismiss the state law claims for lack of jurisdiction.

## B.      Personal Jurisdiction

In a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction,

the plaintiff bears the burden of proving jurisdiction is appropriate.  *Boschetto v.*

*Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008).  In this case, the jurisdictional facts

are largely uncontested; at issue is whether the agreed facts support a finding of

personal jurisdiction over the Defendant.

Where there is no applicable federal statute governing personal jurisdiction,

such as in the instant case, the law of the state in which the district court sits

applies.  *Boschetto*, 539 F.3d at 1015.  The Idaho Supreme Court has determined

that Idaho's long-arm statute (Idaho Code § 5-514) allows a broader application of

personal jurisdiction than permitted under the Due Process Clause of the United

States Constitution.  *See Smalley v. Kaiser*, 950 P.2d 1248 (Idaho 1997); *Saint*

*Alphonsus v. State of Washington*, 852 P.2d 491 (Idaho 1993).  Thus the Court need

only address whether exercising personal jurisdiction comports with due process.

The Court's exercise of personal jurisdiction is consistent with federal due

process only if the defendant "has certain minimum contacts with the relevant

forum such that the maintenance of the suit does not offend traditional notions of

fair play and substantial justice." *Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*, 433 F.3d 1199, 1205 (9th Cir. 2006) (en banc) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)) (internal quotation marks omitted). The relevant inquiry in this case is whether Defendant's minimum contacts warrant the Court's exercise of specific, rather than general, jurisdiction over Defendant. *See Yahoo! Inc.*, 433 F.3d at 1205.

The Ninth Circuit analyzes specific jurisdiction according to a three-prong test: (1) the defendant must perform an act or consummate a transaction such that he "purposefully avails himself of the privilege of conducting activities in the forum;" (2) the claim must relate to or arise out of the defendant's activities in the forum; and (3) the court's exercise of jurisdiction must be reasonable. *See Yahoo! Inc.*, 433 F.3d at 1205-06; *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2004).

In this case, Defendant acknowledges that she attended seminars in Idaho taught by Vianna Stibal, in August and September 2007, and entered into contracts with Stibal.  Plaintiff argues that its Complaint includes claims for breach of the three contracts into which the parties entered on August 12 and 14, and September 21, 2007, respectively, in Idaho.  *Complaint* (Docket No. 1) at 4, 9.  This Court finds that Defendant's actions satisfy the first prong: Defendant consummated a

transaction with Plaintiff, such that she purposefully availed herself of the privilege

of conducting activities in Idaho.  The Court also finds that Plaintiff's breach of

contract claim arises out of Defendant's actions in Idaho.

Where the first two prongs are met, the burden shifts to Defendant "to

'present a compelling case' that the exercise of jurisdiction would not be

reasonable."  *Menken v. Emm*, 503 F.3d 1050, 1060 (9th Cir. 2007) (quoting

*Schwarzenegger v. Fred Martin Motor Co*., 374 F.3d 797, 802 (9th Cir. 2004)).  To

determine the reasonableness of exercising jurisdiction over a defendant, the court

balances the following factors:

> (1) the extent of the defendant's purposeful interjection
> into the forum state's affairs; (2) the burden on the
> defendant of defending in the forum; (3) the extent of
> conflict with the sovereignty of the defendant's state;
> (4) the forum state's interest in adjudicating the dispute;
> (5) the most efficient judicial resolution of the
> controversy; (6) the importance of the forum to the
> plaintiff's interest in convenient and effective relief; and
> (7) the existence of an alternative forum.

*Menken*, 503 F.3d at 1060 (quoting *CE Distrib., LLC v. New Sensor Corp*., 380

F.3d 1107, 1112 (9th Cir. 2004)).

The first factor is largely co-extensive with the purposeful availment prong

analyzed above.  Because Defendant traveled to Idaho to engage in training

seminars with Plaintiff, and while in Idaho entered into contracts with Plaintiff, the

**Memorandum Decision and Order - Page 7**

Court finds that this factor weighs in favor of exercising the Court's jurisdiction.

The second factor addresses the burden of Defendant in traveling to Idaho to defend herself.  The primary concern is for the burden on a defendant who does not have the luxury, as does Plaintiff, of deciding not to sue, or to sue in another forum. *Insurance Co. of North America v. Marina Salina Cruz*, 649 F.2d 1266 (9th Cir. 1981), *citing World-Wide Volkswagen*, 444 U.S. 286, 292, 100 S. Ct. 559, 564 (1980).  Here, Defendant identifies a compelling reason why travel to Idaho would be a burden – that her medical condition makes travel burdensome or impossible. *Defendant's Motion* (Docket No. 9) at 13.  The Court finds this factor balances in favor of the Plaintiff.

 Defendant has presented no argument that there is a conflict with another sovereignty.   In addition, Idaho has a clear interest in providing effective means of redress for residents claiming breach of contract.   Thus, both factors weigh in favor of Plaintiff.

In evaluating "the most efficient resolution" factor, the Ninth Circuit has "looked primarily at where the witnesses and the evidence are likely to be located." *CoreVent Corp. v. Nobel Indus. AB*, 11 F.3d 1482, 1489 (9th Cir. 1993).  Defendant contends that she has witnesses and tangible evidence in "California or otherwise outside of Idaho." *Defendant's Motion* (Docket No. 9) at 13.  Plaintiff is silent as to

**Memorandum Decision and Order - Page 8**

where its witnesses may be located.   However, it would seem obvious that at least some witnesses will be located in Idaho.  Accordingly, this factor weighs slightly in favor of Defendant.

Plaintiff resides in Idaho, and presumably filed its action in Idaho, at least in part, for convenience.  Thus the sixth factor favors Plaintiff.

Plaintiff bears the burden of proving the unavailability of an alternative forum.  *CoreVent Corp.*, 11 F.3d at 1490.  However, Plaintiff makes no argument on this point.  Defendant provides that she is amenable to jurisdiction in California. *Defendant's Motion* (Docket No. 9) at 14.  Thus, this factor favors Defendant.

Weighing all seven factors, the Court concludes that Defendant has not met her burden of showing that the exercise of jurisdiction would be unreasonable.  *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1324 (9th Cir. 1998)(finding that defendant failed to present a compelling case that exercise of jurisdiction in the forum state was unreasonable, even though some factors weighed in defendant's favor).  Accordingly, the motion to dismiss for lack of personal jurisdiction is denied.

## C.     Venue

In her motion, Defendant asks the Court to dismiss for improper venue, or alternatively, to transfer venue.  A civil action may be brought in ". . . a judicial

**Memorandum Decision and Order - Page 9**

district in which a substantial part of the events or omissions giving rise to the claim

occurred, or a substantial part of property that is the subject of the action is

situated."  28 U.S.C. § 1391(b)(2).  "Venue rules generally reflect equity or

expediency in resolving disparate interests of parties to a lawsuit in the place of

trial."  *Burlington Northern R.R. Co. v.* Ford, 504 U.S. 648, 651, 112 S.Ct. 2184,

2186 (1992).

Plaintiff contends that venue in Idaho is proper because it is where Plaintiff

does business, where Defendant attended training seminars and signed contracts at

issue in this matter, and where alleged damage was done due to trademark

infringement.  *Plaintiff's Response to Motion* (Docket No. 10) at 4.  This Court has

held that for venue purposes in cases involving trademark infringement, the wrong

occurs "not where the deceptive labels are affixed to the goods or where the goods

are wrapped in the misleading packages," but where a customer buys defendant's

rather than plaintiff's product, because of the deception.  *Idaho Potato Commission*

*v. Washington Potato Commission*, 410 F.Supp. 171 (D. Idaho 1976), *citing Vanity*

*Fair Mills, Inc. v. T. Eaton Co.*, 234 F.2d 633, 639 (2nd Cir. 1956).  Also, in a

lawsuit by an Idaho-based plaintiff to an out of state defendant for breach of

contract, venue was proper in Idaho where the contract was accepted in Idaho.

*Aviation Finance Group, LLC v. Duc Housing Partners, Inc.*, 2009 WL 1298403

**Memorandum Decision and Order - Page 10**

(D. Idaho 2009).

In the instant case, Plaintiff alleges injury to its Idaho business because of trademark infringement by Defendant.  Defendant negotiated and entered into contracts in Idaho, on which Plaintiff bases its breach of contract claim.  These facts demonstrate that "a substantial part of the events or omissions" giving rise to Plaintiff's claims occurred in Idaho.   Therefore, venue is proper in Idaho.

Even where venue is proper, the court may transfer a civil action to another district "for the convenience of parties and witnesses [and] in the interest of justice."  28 U.S.C. § 1404(a).  On a motion to transfer venue, the court considers:

> (1) the location where relevant agreements were
> negotiated and executed, (2) the state that is most familiar
> with the governing law, (3) the plaintiff's choice of
> forum, (4) the respective parties' contacts with the forum,
> (5) the contacts relating to the plaintiff's cause of action
> in the chosen forum, (6) the differences in the costs of
> litigation in the two forums, (7) the availability of
> compulsory process to compel attendance of unwilling
> non-party witnesses, and (8) the ease of access to sources
> of proof.

*Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000).  Whether transfer of venue is appropriate is at the discretion of the district court, on a "case-by-case consideration of convenience and fairness."  *Id.* at 498, *citing Stewart Org.*

**Memorandum Decision and Order - Page 11**

*v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239 (1988).[1]

In this case, the parties negotiated and entered into contracts in Idaho, Plaintiff's choice of forum.  These two factors favor Plaintiff.

Idaho would be most familiar with Plaintiff's state law claims, which comprise two of seven causes of action identified in Plaintiff's Complaint (Docket No. 1).  But Idaho is no more familiar with the three causes of action under the Lanham Act.  Plaintiff has not specified under what law it seeks to bring its breach of contract or common law injury to business reputation claims.  On balance, this factor weighs slightly against transfer to California.

Regarding the parties' contacts with Idaho, Plaintiff's contacts are presumably in Idaho, Plaintiff's chosen forum.  Defendant's contacts with Idaho pertain to the breach of contract claim.  But Defendant's contacts with Idaho have marginal bearing on Plaintiff's claims under the Lanham Act, as she was located and resided in California when the alleged infringement occurred.  Accordingly, this factor also weighs slightly against transfer to California.

No argument has been made that the availability of compulsory process is of

---

[1]  California District courts have also considered the convenience of witnesses and parties. *See Cohen v. State Farm and Cas. Co.*, 2009 WL 2500729 (E.D. Cal. 2009) at *2, *citing Williams v. Bowman*, 157 F.Supp.2d 1103, 1106 (N.D. Cal. 2001); *Xcel Data Systems, Inc. v. Best*, 2009 WL 943780 (E.D. Cal. 2009) at *3, *citing Deputy v. Long-Term Disability Plan of Sponsor Aventis Pharms.*, 2002 WL 31655328 at *2 (N.D. Cal. 2002).

**Memorandum Decision and Order - Page 12**

concern, thus this factor is neutral.

Defendant maintains that her evidence is in California or otherwise outside of Idaho, while Plaintiff has been silent as to the location of evidence.  This factor thus weighs in favor of transfer to California.

Plaintiff has identified no witnesses in Idaho, while Defendant indicates that her witnesses are located in California, or are otherwise outside of Idaho. Defendant also presented medical records and a doctor's note indicating that she has been diagnosed with an aggressive, inflammatory, intraductal breast cancer at an advanced stage.  *Defendant's Reply* (Docket No. 15) at 11; *Attachment to Defendant's Motion* (Docket No. 9-1) at 18-20.   Her doctor's note indicates that she is unable to travel or work (presumably including having to defend a civil law suit as a *pro se* defendant) without "causing severe consequences."  *Defendant's Reply* (Docket No. 15) at 11.   The note also requests that she be allowed to "avoid stressful situations that would cause cortisol release and enhanced growth of this cancer. *Id.*  The doctor's note was not in the form of an affidavit or sworn testimony.

Plaintiff responds that Plaintiff's legal expenses and the inconvenience of travel to California would outweigh the expense and inconvenience that Defendant, as a *pro se* litigant, faces in traveling to Idaho.  The Court is not convinced by

Plaintiff's argument.

The facts presented pose a dilemma.  On the one hand, the medical condition of a party or prospective witness, and the potential danger posed if such persons are required to travel, are considerations that can be weighed by the court in determining the appropriateness of transferring venue.  *Cohen v. State Farm and Cas. Co.*, 2009 WL 2500729 (E.D. Cal. 2009) *citing Tyrill v. Alcoa Steamship Co.*, 158 F.Supp. 853, 854-55 (S.D.N.Y. 1958) *and Brownell v. LaSalle Steel Co.*, 128 F.Supp. 548 (D.Del. 1995).  On the other hand, the medical information provided was not provided in an admissible form, by way of affidavit or otherwise.  More importantly, the Defendant's doctor's note suggests that she will not be able to defend herself in a court proceeding, whether filed in California or Idaho, without imperiling her health.  It would seem unfair to compel the Plaintiffs to file this action in California, only to find that their pursuing the Defendant there will have the same adverse effect upon her health as a lawsuit filed in Idaho.

Extraordinary circumstances require an extraordinary remedy.  Given the circumstances presented, and balancing all factors, including an individualized examination of convenience, fairness, and the cost of litigation in this case, the Court is not persuaded that transfer to California is appropriate.  However, it also appears to the Court that a stay of the proceedings for 90 days would be appropriate

**Memorandum Decision and Order - Page 14**

to determine whether the Defendant's medical condition has changed and whether

she is able to defend herself in this action.  In the meantime, there would appear to

be no ongoing damage to the Plaintiffs since the Defendant's submissions suggest

that she is unable to work, and ostensibly is unable to take any actions which would

further damage the Plaintiffs during that time.  Of course, should the Defendant

continue operating her business during the intervening months contrary to the

indications in her doctor's note that she is unable to work, the Plaintiffs may file an

appropriate motion to lift the stay.

The Defendant will file with the Court, 90 days from the date of this Order,

an affidavit from her treating physician indicating any change in the Defendant's

medical status and diagnosis, specifically focusing on her ability to participate in

litigation and travel to Idaho for trial.   Should that affidavit indicate that the

Plaintiff is unable to defend herself or travel, the Court may continue the stay.  If

the Plaintiff's condition has improved, the Court will schedule a case management

conference and ready this case for trial.

**D.     Motion to Dismiss Under Rules 12(b)(6) and 7.1**

Because the Court is going to stay this proceeding, it finds it unnecessary to

rule on Defendant's Motion to Dismiss under Rule 12(b)(6).  That motion will be

denied without prejudice, and may be refiled following a lifting of the stay in this

**Memorandum Decision and Order - Page 15**

proceeding.  Plaintiff filed a Corporate Disclosure Statement (Docket No. 6) on July 31, 2009, thus the motion to dismiss under Rule 7.1 is moot.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion to Dismiss (Docket No. 10) shall be, and the same is hereby, DENIED as to requests to dismiss for lack of subject matter jurisdiction, personal jurisdiction, and improper venue; and deemed MOOT as to Defendant's Motion to dismiss under Rule 7.1.

IT IS FURTHER ORDERED that Defendant's Motion to Transfer Venue is DENIED.

IT IS FURTHER ORDERED that in light of the Defendant's medical status, this matter will be stayed for 90 days.   Defendant shall file an affidavit from her treating physician within 90 days concerning her medical status and diagnosis, specifically focusing on her physical ability to participate in this lawsuit and her ability to travel.

IT IS FURTHER ORDERED THAT Defendant's Motion to Dismiss under

**Memorandum Decision and Order - Page 16**

Rule 12(b)(6) is denied without prejudice.

DATED:  **December 8, 2009**



B. LYNN WINMILL
Chief Judge
United States District Court